# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0644 | **DATE** | 2/11/2013 |
| **CASE TITLE** | José Velázquez (#80465) vs. Kane County Jail Adult Judicial Center, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $47.73 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. On the court's own motion, the Kane County Jail and Officer Hoffman are dismissed as defendants on initial review pursuant to 28 U.S.C. § 1915A, along with the plaintiff's negligence claim relating to his fall. The clerk is directed to: (1) send a copy of this order to the trust fund officer at the Kane County Jail; (2) issue summonses for service on defendants Thomas, Nikki, and Dan by the U.S. Marshal; and (3) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ **[For further details see text below.]**                                    Docketing to mail notices.

---

## STATEMENT

The plaintiff, a detainee in the custody of the Kane County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that he stumbled and fell during transport due to the negligence of a correctional officer; he additionally claims that correctional officials and health care providers acted with deliberate indifference to his injuries.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $47.73. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall **(CONTINUED)**

| | mjm |
|---|---|

be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against defendants Thomas, Nikki, and Dan relating to the alleged denial of medical care. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Johnson v. Doughty*, 433 F.3d 1001, 1017 (7th Cir. 2006) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). While a more fully developed record may belie the plaintiff's allegations, those defendants must respond to the complaint.

However, the "Kane County Jail Adult Judicial Center" is summarily dismissed as a defendant on preliminary review. The jail is not, itself, a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.).

The complaint likewise fails to state a cognizable claim against Officer Hoffman. The only allegation in the complaint concerning defendant Hoffman is that he witnessed the plaintiff's fall on the jail's video camera and rushed to the scene to offer assistance. The plaintiff does not suggest that Hoffman denied him access to medical care or otherwise violated his constitutional rights.

In addition, the plaintiff cannot sue Officer Thomas in federal court for any responsibility on his part for the plaintiff's fall. In order to be liable under 42 U.S.C. § 1983 for failing to prevent an injury, a defendant must have acted with deliberate indifference to a substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Negligence or even gross negligence on the part of correctional officials is not sufficient for liability; their actions must be intentional or criminally reckless. *Id.* "An objectively sufficiently serious risk ... is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency [such as] the acute risks posed by exposure to raw sewage, or inordinate levels of environmental tobacco smoke, or amputation from operating obviously dangerous machinery, or potential attacks by other inmates...." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (internal citations omitted). "[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Carroll v. DeTella*, 255 F.3d 470, 472-73 (7th Cir. 2000).

Imprudently walking too far ahead of the shackled plaintiff was not so fragrantly dangerous as to rise to the level of a constitutional violation. The court, furthermore, declines to exercise pendent jurisdiction over the plaintiff's state law claim sounding in negligence. In the context of this case, the plaintiff may proceed only on his **(CONTINUED)**

claim that he was denied needed medical care for his injuries. The plaintiff must file suit in state court if he wishes to sue Officer Thomas for negligently causing the fall.

The clerk shall issue summonses forthwith for service on defendants Thomas, Nikki, and Dan in connection with the plaintiff's medical claim. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Kane County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability **(CONTINUED)**

that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.