# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0644 | **DATE** | 7/9/2013 |
| **CASE TITLE** | José Velázquez (#K-68874) vs. Kane County Jail Adult Judicial Center, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Thomas' motion to dismiss [#12] is denied. Defendant Thomas is directed to answer or otherwise plead within twenty-one days of the date of this order. The oral ruling date of July 11, 2013, is converted to a status conference. The plaintiff's renewed motion for attorney representation [#23] is denied, without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, a correctional officer and two nurses at the Kane County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied needed medical care after he stumbled and fell, severely injuring his foot. This matter is before the court for ruling on pending motions.

Defendant Thomas, the correctional officer in question, has filed a motion to dismiss the complaint for failure to state a claim against him. It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, the facts alleged support a colorable cause of action against defendant Thomas.

## FACTS

The plaintiff alleges the following facts, as they pertain to defendant Thomas: At the time of the events giving rise to this action, the plaintiff was incarcerated at the Kane County Jail. On May 2, 2011, the plaintiff was taken to an outside dentist. The plaintiff exited the transport van and began walking on the street, escorted by defendant Thomas. At some point, the plaintiff's leg shackles became tangled in a drainage grate. The plaintiff fell, severely fracturing his foot.

Defendant Thomas called for assistance. A nurse arrived at the scene and examined the plaintiff's foot but told him that there was no x-ray technician available that day. She indicated that she would have to make arrangements for a consultation with a doctor at a later date. Over the plaintiff's objections that he was in pain and discomfort, Thomas continued on to the dentist instead of taking the plaintiff to a hospital emergency room.

By the time the plaintiff left the dentist, his foot was so swollen that he could not wear leg shackles. The foot had turned purple, and the plaintiff could put no weight on it. The plaintiff pleaded with Thomas to be taken to the hospital, but a shift commander directed Thomas to return with the plaintiff to the jail.

Upon arriving at the jail, the plaintiff was taken directly to the health care unit. He was seen by two nurses, who gave him ice and ibuprofen.

## DISCUSSION

Accepting the plaintiff's allegations as true, the court finds that the complaint states a tenable (if borderline) claim against Officer Thomas. The plaintiff's claims against Thomas are better resolved by way of a motion for summary judgment.

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care...." *Id.*; *see also Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Likewise, the Due Process Clause prohibits deliberate **(CONTINUED)**

| STATEMENT (continued) |
|---|

indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001).

Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). In the case at bar, the plaintiff can arguably satisfy both prongs.

The court will assume for purposes of the motion to dismiss that the plaintiff's broken foot constituted a serious medical need. A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005); *Edwards v. Snyder*, 478 F.3d 827,830-831 (7th Cir. 2007). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).

A broken bone is generally considered a serious medical need. *See, e.g., Grieveson v. Anderson*, 538 F.3d 763, 778-80 (7th Cir. 2008) (a broken nose is sufficiently serious to implicate the Constitution); *Andrews v. Hanks*, 50 Fed. App'x. 766, 769 (7th Cir. 2002) (the plaintiff "alleges a serious medical need--a broken wrist"); *Ebrahime v. Dart*, No. 09 C 1534, 2012 WL 33053, at *6 (N.D. Ill. Jan. 2, 2012) (Cole, Mag. J.) (holding that broken ribs satisfy the objective prong and collecting cases where painful medical conditions were found to be "serious" even when not life-threatening). If, as alleged, the plaintiff's foot ballooned and he complained of excruciating pain, then his medical need could have been deemed objectively serious. Although a nurse initially seemed to think there was no serious injury, the plaintiff alleges that his foot visibly deteriorated by the time he left the dentist's office.

Furthermore, viewing the complaint in the light most favorable to the plaintiff, defendant Thomas could be said to have acted with deliberate indifference. To establish deliberate indifference, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The required showing is "something approaching a total unconcern for [the prisoner's] welfare in the face of serious risks." *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006) (quoting *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992)).

In the instant case, the plaintiff has very nearly pled himself out of court. A plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court."). The plaintiff concedes that Thomas (1) summoned medical assistance immediately after the plaintiff fell; (2) relied on the nurse's apparent determination that the plaintiff was well enough to proceed to the dentist; and (3) took the plaintiff directly to the health care unit
**(CONTINUED)**

once the dental appointment was over and the two returned to the jail. It must be emphasized that deliberate indifference requires a showing of "more than mere or gross negligence." *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006). The actions the plaintiff attributes to Thomas tend to belie an inference of deliberate indifference.

It should additionally be noted that correctional employees may generally rely on the expertise of health care professionals to assess an inmate's medical needs. *See, e.g., Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability); *contrast Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where officials allegedly denied an inmate life-sustaining medication and food). If, as appears to be the case, a nurse decided that the plaintiff did not need urgent care, then Thomas, a layperson, likely cannot be held responsible for concluding that a trip to the hospital was unnecessary prior to the dental appointment.

However, at this stage of the proceedings, the court must construe all inferences in favor of the plaintiff, and not the defendant. If the plaintiff can establish that his foot looked as bad as he describes (he maintains that it was purple and swollen, that he could not walk on it, and that he was complaining of intolerable pain), then Thomas may be liable under 42 U.S.C. § 1983 for failing to take him to a hospital emergency room or otherwise delaying treatment. Assuming the plaintiff's foot visibly continued to deteriorate, Thomas could not ignore his condition simply because the nurse saw no serious problem at first. The court cannot find in favor of Thomas on the basis of the undeveloped record.

For the foregoing reasons, defendant Thomas' motion to dismiss the complaint for failure to state a claim against him is denied. Thomas is directed to answer or otherwise plead within twenty-one days of the date of this order. This order is not intended to discourage either party from filing a properly supported motion for summary judgment. The plaintiff may proceed against Thomas only in his individual capacity, of course, in the absence of any suggestion of an unconstitutional municipal policy or custom. *See, e.g., Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).

Finally, the plaintiff's motion for attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL 2321349, at *3 (quoting
**(CONTINUED)**

| STATEMENT (continued) |
|---|

*Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of litigating this matter, notwithstanding the fact that he is taking psychotropic medications and that he has relied on the assistance of a fellow inmate. Taking medications does not give rise to the "exceptional circumstances" noted in *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's observation that "the whole point of taking anti-depressants is to allow the person taking them to think and act rationally"). Moreover, the court assures the plaintiff that *pro se* litigants are granted wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.